**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00494-FDW-SCR**

| | |
|---|---|
| **EPS – EHRHARDT + PARTNER SOLUTIONS INC.,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**HONEYWELL INTERNATIONAL INC., VOCOLLECT, INC., HAND HELD PRODUCTS, INC. AND INTELLIGRATED HEADQUARTERS LLC,**<br><br>    **Defendants.** | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS FROM PURSUING LATER-FILED TEXAS ACTION** |

**TABLE OF CONTENTS**

I.      BOTTOM LINE UP FRONT ............................................................................................ 1

II.     INTRODUCTION ......................................................................................................... 1

III.    FACTUAL BACKGROUND ......................................................................................... 3

   A.   The Parties ............................................................................................................ 3

   B.   Honeywell's Threats Against EPS ........................................................................ 3

   C.   EPS Filed this Action First ................................................................................... 4

   D.   Honeywell Retaliated by Filing the Texas Action ............................................... 5

   E.   EPS Amended the Original Complaint .................................................................. 5

IV.    ARGUMENT ................................................................................................................ 6

   A.   EPS Filed Before Honeywell ................................................................................ 7

   B.   The Parties Are Substantially Similar ................................................................... 8

   C.   The Issues Are Substantially Similar .................................................................... 9

   D.   No Special Circumstances Warrant Departing from the First-Filed Rule .......... 11

   E.   Honeywell Should be Enjoined from Pursuing the Texas Action ....................... 14

V.     CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Andritz Hydro Corp. v. PPL Mont., LLC*,
No. 3:13-cv-412-RJC-DSC, 2014 U.S. Dist. LEXIS 28134 (W.D.N.C. Mar. 5, 2014) ....... 6, 14

*Aqua Connect, Inc. v. SHI Int'l Corp.*,
No. CV 19-05662-AB (JPR), 2019 U.S. Dist. LEXIS 233762 (C.D. Cal. Dec. 16, 2019) ........ 9

*Autel United States Inc. v. Orange Elec. Co. Ltd.*,
No. 1:21-cv-1321, 2022 U.S. Dist. LEXIS 245911 (E.D. Va. Mar. 21, 2022)......................... 11

*Crosley Corp. v. Hazeltine Corp.*,
122 F.2d 925 (3d. Cir. 1941)....................................................................................................... 1

*Elecs. for Imaging, Inc. v. Coyle*,
394 F.3d 1341 (Fed. Cir. 2005)................................................................................................ 13

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
737 F.3d 704 (Fed. Cir. 2013)..................................................................................................... 6

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
No. SACV 12-0511 AG (JPRx), 2012 U.S. Dist. LEXIS 189582 (C.D. Cal. Oct. 22, 2012) .... 8

*Genentech, Inc. v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 1993)............................................................................................... 6, 12

*Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*,
179 F.R.D. 264 (C.D. Cal. 1998) ............................................................................................. 11

*In re Nitro Fluids L.L.C.*,
978 F.3d 1308 (Fed. Cir. 2020)................................................................................................ 12

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952).................................................................................................................. 14

*Learning Network, Inc. v. Discovery Commc'ns, Inc.*,
11 F. App'x 297 (4th Cir. 2001) ................................................................................... 12, 13, 14

*Micron Tech., Inc. v. MOSAID Techs., Inc.*,
518 F.3d 897 (Fed. Cir. 2008)............................................................................................... 8, 10

*Novartis Pharms. Corp. v. Mylan Inc.*,
No. 1:14CV111, 2015 U.S. Dist. LEXIS 185291 (N.D. W. Va. Apr. 27, 2015)...................... 14

*Optoma Tech. Inc. v. Maxell Ltd.*,
    No. 24-cv-08147-TLT, 2025 U.S. Dist. LEXIS 75200 (N.D. Cal. Mar. 14, 2025).............. 9, 11

*Ramsey Grp., Inc. v. EGS Int'l, Inc.*,
    208 F.R.D. 559 (W.D.N.C. 2002)............................................................................... 6, 7, 12, 14

*SMIC v. Innovative Foundry Techs. LLC*,
    473 F. Supp. 3d 1021 (N.D. Cal. 2020) ...................................................................................... 9

*W.R. Grace & Co.-Conn. v. Wood Env't.*,
    No. GLR-22-285, 2023 U.S. Dist. LEXIS 235932 (D. Md. Apr. 17, 2023)............................. 11

**Treatises**

3 Moore's Federal Practice § 15.19(3)(c) ........................................................................................ 7

## I.  BOTTOM LINE UP FRONT

EPS and Honeywell are embroiled in a dispute regarding allegations that EPS infringes Honeywell's patents. EPS filed this action for declaratory judgment first, which Honeywell admitted. Nevertheless, nearly two months later, Honeywell filed an action for patent infringement against EPS in the U.S. District Court for the Eastern District of Texas. There are now two suits involving overlapping patents, parties, and accused products.  The first-filed rule applies. The Court should enjoin Honeywell from pursuing its second-filed action in Texas to avoid the waste of judicial resources, possibility of inconsistent judgments, and undue burden and financial harm implicit in duplicative litigation.

## II.  INTRODUCTION

Courts have long recognized that "[t]he intent of the Declaratory Judgment Act is to enable an alleged infringer to avoid a multiplicity of suits by the patent owner." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d. Cir. 1941). On July 9, 2025, EPS rightfully exercised its right, as the alleged infringer, to seek relief under the Declaratory Judgment Act against its accuser, Honeywell. Nearly two months later, on August 29, 2025, Honeywell retaliated by filing a complaint for patent infringement against EPS in the Eastern District of Texas, case captioned *Honeywell International Inc. et al. v. EPS – Ehrhardt + Partner Solutions, Inc.*, No. 2:24-cv-00918-JRG ("Texas Action"). When sending a copy to EPS, Honeywell admitted that EPS "chose to file first." (Ex. A at 2.) Honeywell should be enjoined from pursuing its second-filed case.

The facts here are straightforward. For over three and a half years, Honeywell accused EPS of infringing an "ever-growing list of patents." (Dkt. 1, ¶¶ 20-34, 36; Dkt. 7, ¶¶ 23-37, 50). As set out in detail in EPS's declaratory judgment complaint, Honeywell's conduct followed this pattern: Honeywell accused EPS of infringing certain patents and demand exorbitant license fees, EPS

explained why Honeywell was wrong, Honeywell then accused EPS of infringing more patents while still requesting the same exorbitant license fees, EPS explained again why Honeywell was wrong, and so on, Importantly, however, **Honeywell never filed suit**. After being accused of infringing what seemed like more and more patents at every turn, EPS decided that "enough is enough", (Dkt. 1, ¶ 34; Dkt. 7, ¶ 37), and sought relief from this Court—the home court for all of the Defendants—to remove the cloud of uncertainty created by Honeywell.

Rather than responding in this Court, Honeywell elected to file a complaint for patent infringement against EPS in a different court. (Dkt. 7, Ex. I.) To say that the two suits overlap is an understatement. Indeed, Honeywell brought a claim in the Texas Action on behalf of two of **the same parties** for infringement of **one of the same patents** Honeywell had accused EPS of infringing prior to EPS filing its declaratory judgment complaint. Honeywell simply named a single other of its subsidiaries as a party and asserted claims on six additional patents, all of which substantively overlap with the patents asserted by Honeywell prior to EPS's declaratory judgment suit. In fact, both suits involve **the same accused system**, EPS's Lydia Voice software solution. Honeywell followed the same pattern as before (assert some patents and, if unsuccessful, expand the list), only now Honeywell has done it through duplicative suits. Honeywell's gamesmanship is exactly why courts follow the first-to-file rule.

To be sure, the parties and claims not only overlap, but are now identical. Even though EPS's complaint broadly requested "a declaratory judgment that Plaintiff has not violated any patent rights purportedly owned by Defendants," (Dkt. 1, ¶ 1), EPS recently amended its complaint specifically to name Honeywell's added subsidiary as a party and reference the additional patents by their patent numbers, thus leaving no doubt that the actions are mirror images. (Dkt. 7). EPS's

amended complaint relates back to its original filing date, confirming that this action always was, and still remains, the first-filed case.

Honeywell cannot bypass EPS's declaratory judgment suit by simply asserting more patents from its ever-growing list in a different court. Absent court intervention, there will be two actions in two different courts involving the same parties, patents and accused products. Litigating these duplicative actions in two courts would be a waste of judicial resources and promote the possibility of inconsistent judgments. EPS's resources will be wasted as well, causing prejudice to EPS. Justice warrants that the Court enjoin Honeywell from pursuing its later-filed Texas Action.

## III. FACTUAL BACKGROUND

### A. The Parties

Plaintiff EPS – Ehrhardt + Partner Solutions Inc. ("Plaintiff" or "EPS") is a global leader in the supply chain optimization software industry. (Dkt. 7, ¶ 14.) Defendants Hand Held Products, Inc. ("Hand Held"), Vocollect, Inc. ("Vocollect"), and Intelligrated Headquarters LLC ("Intelligrated") are wholly-owned subsidiaries of Defendant Honeywell International Inc. ("Honeywell International") (collectively, "Defendants" or "Honeywell"). (Dkt. 7, ¶¶ 17, 19, 21; Dkt. 7, Ex. I, ¶¶ 3-4.) Honeywell owns tens of thousands of patents covering a wide range of technologies, including aerospace, building automation technologies, industrial automation technologies, performance materials and technologies, safety and productivity solutions, and more. (Dkt. 7, ¶ 16.) Each and every Defendant has a principal place of business at 855 S. Mint St., Charlotte, NC 28202. (Dkt. 7, ¶¶ 3-6; Dkt. 7, Ex. I, ¶¶ 2-4.)

### B. Honeywell's Threats Against EPS

Since January 18, 2022, Honeywell has been accusing EPS of patent infringement. In its first letter to EPS, Honeywell accused EPS of infringing three patents—U.S. Patent Nos. 7,609,669

(the "'669 Patent"); 8,700,405 (the "'405 Patent"); and 9,642,184 (the "'184 Patent")—by making, using, offering to sell, and selling the Lydia Voice Software solution. (Dkt. 7, Ex. A at 1.) Over a year later, Honeywell accused EPS of infringing three more patents—U.S. Patent No. 7,885,419 (the "'419 Patent"), U.S. Patent No. 8,255,219 (the "'219 Patent") and European Patent No. 2359362—in addition to the previously identified patents. (Dkt. 7, Ex. C at 2.) Six months later, Honeywell added three additional patents to the list—U.S. Patent Nos. 9,361,882 (the "'882 Patent"), 8,550,354 (the "'354 Patent"), and 8,914,290 (the "'290 Patent). (Dkt. 7, Ex. D at 1.) Nine months later, Honeywell accused EPS of infringing even more patents (bringing the total to thirteen patents)—U.S. Patent Nos. 8,386,261 (the "'261 Patent"), 7,827,032 (the "'032 Patent"), 7,949,533 (the "'533 Patent") and 11,817,078 (the "'078 Patent")—and broadly identified all of EPS's "voice products and solutions" as the subject of a potential license. (Dkt. 7, Ex. H at 1, 2, 6.)[1] Despite this years-long pattern of threats, Honeywell did not file suit against EPS until its retaliatory action was filed almost two months after EPS filed the present action.

### C.    EPS Filed this Action First

On July 9, 2025, EPS filed this action against Honeywell International, Hand Held, and Vocollect (the "Original Complaint") "to resolve this matter once and for all." (Dkt. 1, ¶ 33.) EPS sought a declaratory judgment due to the "ever-growing list of patents" EPS was accused of infringing. (*Id*. ¶ 36.) Indeed, in later correspondence, Honeywell admitted that EPS "chose to file first." (Ex. A at 2.)

---

[1] EPS did not explicitly list the '261 Patent when discussing Honeywell's accusatory letter dated June 23, 2024, (Dkt. 1, ¶ 27), even though that letter referenced the '261 Patent along with the '032 Patent, '533 Patent and '078 Patent. (Dkt. 7, Ex. H at 2). EPS has now made this clear in the amended complaint. (Dkt. 7, ¶ 30).

### D. Honeywell Retaliated by Filing the Texas Action

EPS provided Honeywell with a copy of its Original Complaint on July 9, 2025—the same day it was filed—and invited Honeywell to contact EPS to discuss. (Ex. B at 1.) EPS heard nothing for nearly two months, until Honeywell sent EPS a copy of its complaint in the Texas Action on August 29, 2025. (Ex. C at 1.) Honeywell's complaint in the Texas Action accuses EPS of infringing the '261 Patent—**which was asserted by Honeywell in a letter sent to EPS prior to the filing of this action, which Honeywell admitted in the Texas Action** (Dkt. 7, Ex. I, ¶ 40)— and six (6) additional patents, namely U.S. Patent Nos. 9,152,940 (the "'940 Patent"); 10,049,504 (the "'504 Patent"); 10,769,863 (the "'863 Patent"); 11,158,336 (the "'336 Patent"); 12,057,139 (the "'139 Patent"); and 12,400,678 ("'678 Patent"). (Dkt. 7, Ex. I.)

In addition to including a claim for one of the same patents that Honeywell asserted against EPS prior to when this action was filed, Honeywell's Texas Action named Honeywell International and Vocollect as plaintiffs, two of the same defendants in this action. (Dkt. 7, Ex. I) Honeywell's Texas Action also names Intelligrated as a plaintiff. (*Id.*) Honeywell admitted that Intelligrated is a wholly owned subsidiary of Honeywell International and has its principal place of business at the same place as the other defendants, 855 S. Mint Street, Charlotte, NC 28202. (Dkt. 7, Ex. I, ¶¶ 3-4.) Honeywell is asserting its patents against the same accused system—EPS's Lydia Voice— in both actions. (*Compare* Dkt. 1, ¶ 20, 22 to Dkt 7, Ex. I, ¶¶ 23, 62, 75, 129, 141.)

### E. EPS Amended the Original Complaint

In response to Honeywell's ever-growing list of allegedly infringed patents, EPS amended the Original Complaint on October 9, 2025 (the "Amended Complaint") to add Intelligrated as a defendant and explicitly reference the six patents that Honeywell named in the Texas Action. (Dkt. 7.)

## IV.   ARGUMENT

Where an action for declaratory relief is tied to a patent infringement action, "[r]esolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by [Federal Circuit] law." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). The Federal Circuit adheres to the first-filed rule in order "to avoid conflicting decisions and promote judicial efficiency." *Id.* (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)). Under this rule, "the forum of the first-filed case is favored" and such deference to that forum generally may not be set aside absent a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89 (1995). As this Court has explained, "[t]he parallel prosecution of actions involving the same patents, technologies, parties and facts would certainly be a waste of judicial resources and promote the possibility of inconsistent judgments." *Ramsey Grp., Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559, 565 (W.D.N.C. 2002).

In assessing whether the first-filed rule applies, this Court has considered: (1) the chronology of the filings; (2) the similarities of the parties involved; and (3) the similarities of the issues being raised. *Andritz Hydro Corp. v. PPL Mont., LLC*, No. 3:13-cv-412-RJC-DSC, 2014 U.S. Dist. LEXIS 28134, at *18 (W.D.N.C. Mar. 5, 2014). Here, all of these factors weigh in favor of enjoining Honeywell from pursuing its second-filed case.

### A.   EPS Filed Before Honeywell

#### 1.   Original Complaint

EPS filed this action on July 9, 2025, nearly two months before Honeywell filed its retaliatory Texas Action on August 29, 2025. (Dkt. 1.; Dkt. 7, Ex. I.) Honeywell even admitted that EPS "chose to file first." (Ex. A at 2.) Thus, there is no dispute that EPS filed first.

#### 2.   Amended Complaint

EPS's Amended Complaint relates back to the date of the Original Complaint and, thus, is deemed filed before the Texas Action. The Amended Complaint adds one new defendant, Intelligrated, which is another wholly-owned subsidiary of Honeywell International located in the same building as Honeywell International, Vocollect, and Hand Held. (Dkt. 7, ¶ 6.) There is "[i]dentity of interest . . . when the original and added parties are a subsidiary corporation and parent." 3 Moore's Federal Practice § 15.19(3)(c); *Ramsey Grp.*, 208 F.R.D. at 564. The Amended Complaint explicitly lists the patents asserted in the Texas Action. These patents are part of the same controversy for which EPS sought declaratory relief in the Original Complaint. They are merely additions to the "ever-growing list of patents" asserted by Honeywell against EPS. Indeed, Honeywell is asserting them against the same accused product—EPS's Lydia Voice. (Dkt. 7, ¶ 47, Ex. I.) All the patents purport to be directed to text-to-speech, speech-recognition, and warehouse management technology. (Dkt. 7, ¶ 45.) There are overlaps in inventors, cited prior art, and fields of technology. (Dkt. 7, ¶ 46.) Thus, the allegations in the Amended Complaint arose out of the conduct, transaction, or occurrence set forth in the Original Complaint, namely the same patent dispute between EPS and Honeywell, such that the Amended Complaint relates back to the date of the Original Complaint. *See, e.g.*, *Ramsey Grp.*, 208 F.R.D. at 563.

## B.     The Parties Are Substantially Similar

The parties in the two actions need not be identical for the first-filed rule to apply. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, No. SACV 12-0511 AG (JPRx), 2012 U.S. Dist. LEXIS 189582, at \*12 (C.D. Cal. Oct. 22, 2012), *affirmed*, 737 F.3d 704 (Fed. Cir. 2013) ("The applicable standard is whether the cases have substantially similar parties, not identical parties. Otherwise, plaintiffs could easily avoid the first-to-file rule by simply adding additional parties, whether or not there were meritorious claims against those parties."); *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 903-04 (Fed. Cir. 2008) ("[A] patent holder may often easily file an artificially broader infringement suit to avoid declaratory judgment jurisdiction. If, as in this case, a patent holder could simply name another defendant or add a few additional claims to the later filed infringement, then the Supreme Court's more lenient standard for the declaratory judgment plaintiff would lose its primary intended effect.")

### 1.     Original Complaint

EPS named Honeywell International, Vocollect, and Hand Held as defendants in the Original Complaint. (Dkt. 1.) Vocollect and Hand Held are wholly-owned subsidiaries of Honeywell International and have the same principal places of business in Charlotte. (Dkt. 1, ¶¶ 3-6; Dkt. 7, Ex. I, ¶¶ 2-3.) In the Texas Action, Honeywell International and Vocollect are named as plaintiffs, along with a third wholly-owned subsidiary—Intelligrated. (Dkt. 7, Ex. I, ¶¶ 2-4.) All have a principal place of business in the same building in Charlotte. (Dkt. 7, Ex. I, ¶ 4.) The fact that three of the five parties are the same in both actions is sufficient to apply the first-filed rule. *See Futurewei*, 2012 U.S. Dist. LEXIS 189582, at \*10 (applying first-filed rule where "three of the five parties [were] the same in both actions").

Moreover, the corporate relationship between Honeywell International and its wholly-owned subsidiaries indicates that these entities "share common interests, rendering them substantially similar parties in this litigation." *See Aqua Connect, Inc. v. SHI Int'l Corp.*, No. CV 19-05662-AB (JPR), 2019 U.S. Dist. LEXIS 233762, at *8 (C.D. Cal. Dec. 16, 2019) (finding that a parent and its wholly owned subsidiary were "substantially similar" for purposes of the first-filed rule); *see also Futurewei Techs., Inc.*, 737 F.3d at 706 (affirming a district court's finding that a patent owner, its exclusive licensee, and the licensee's wholly-owned subsidiary were "substantially similar" for purposes of the first-filed rule). The alleged infringer here—EPS—is the only alleged infringer in the Texas Action. The patent owners in both actions are Honeywell International and some combination of three wholly-owned subsidiaries. Thus, the parties are at least substantially similar for the first-filed rule.

### 2. Amended Complaint

The Amended Complaint added one additional Honeywell subsidiary, Intelligrated, as a defendant, which only bolsters the similarities between the two actions. Now, all the plaintiffs in the Texas Action are defendants in this case and all the patents are the same.

### C. The Issues Are Substantially Similar

Under the first-filed rule, the issues "need not be identical, only substantially similar." *Optoma Tech. Inc. v. Maxell Ltd.*, No. 24-cv-08147-TLT, 2025 U.S. Dist. LEXIS 75200, at *7 (N.D. Cal. Mar. 14, 2025). The fact that certain patents overlap between the two actions is enough to show that the issues are substantially similar. *See id.* (applying the first-filed rule to dismiss the later-filed action where the three patents in the first-filed declaratory judgment action were also part of the later-filed infringement action that asserted additional patents); *SMIC v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1026 (N.D. Cal. 2020) (applying the first-filed rule

where the first action alleged infringement of the same patents that were the basis for a second declaratory judgment action); *see also Micron*, 518 F.3d at 903-904.

### 1. Original Complaint

For three and a half years, Honeywell repeatedly accused EPS of infringing its patents. EPS has stood firm that it did not have any legal liability to Honeywell. But after each instance where EPS explained why it was not liable, Honeywell conjured up additional patents to assert against EPS. This ceaseless conduct has made the declaratory relief that EPS seeks a moving target. In the Original Complaint, EPS sought to resolve this issue once and for all by seeking broad declaratory relief for this "ever-growing list of patents." EPS specifically requested:

- "a declaratory judgment that Plaintiff has not violated any patent rights purportedly owned by Defendants" (Dkt. 1, ¶ 1);

- "a declaratory judgment resolving this matter once and for all" (Dkt. 1, ¶ 34);

- "a judgment declaring that it has not violated any purported rights of Defendants under federal, state, or common law and is not liable to Defendant for any claims, including any claim for patent infringement concerning the Asserted Patents" (Dkt. 1, ¶ 41.)

Given Honeywell's pattern of asserting more and more patents, EPS sought broad declaratory relief to ensure that it encompassed any and all patents that Honeywell might threaten next. Honeywell's response was to dig up six more patents from its large portfolio to name in the Texas Action filed almost two months later.

Honeywell's Texas Action relates to the same overall dispute between the parties. The claims in the Texas Action include **one of the same patents** previously asserted in correspondence from Honeywell (the '261 Patent) and additional patents that relate to the same, or at least similar, underlying technology as those explicitly identified at the time EPS filed its Original Complaint. For instance, EPS's Original Complaint includes patents discussing warehouse management technology that overlap with the warehouse management technology disclosed in the patents

identified in Honeywell's Texas Action. (Dkt. 7, ¶ 46.) Likewise, Honeywell's Texas Action includes patents discussing text-to-speech and speech-recognition technology that overlaps with the patents identified in EPS's Original Complaint. (*Id.*) The inventors of the patents, prior art cited in the patents, and technologies also overlap. (*Id.*) And the accused system—EPS's Lydia Voice—is the same in both actions. (Dkt. 1, ¶ 20, 22; Dkt 7, Ex. I, ¶¶ 23, 62, 75, 129, 141.) Thus, the issues are at least substantially similar. *See Optoma Tech. Inc.*, 2025 U.S. Dist. LEXIS 75200, at *7; s*ee also Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998).

### 2. Amended Complaint

The issues in the Amended Complaint and the Texas Action are the same. Both involve the same patents, the same underlying technologies, and the same accused products. Both actions have the same question to be decided—whether EPS is liable for patent infringement. *See Autel United States Inc. v. Orange Elec. Co. Ltd.*, No. 1:21-cv-1321, 2022 U.S. Dist. LEXIS 245911, at *8 (E.D. Va. Mar. 21, 2022) (applying first-filed rule where the actions involved "the same claims, factual issues, and patents"); *Optoma*, 2025 U.S. Dist. LEXIS 75200, at *7. The only reason the additional patents in the Texas Action were not specifically referenced in the Original Complaint is because Honeywell failed to specify them in its numerous letters to EPS over the last three and a half years.

### D. No Special Circumstances Warrant Departing from the First-Filed Rule

Courts routinely apply the first-filed rule unless there are "special circumstances" such as forum shopping, anticipatory filing, or bad faith conduct that warrant against its application. *See W.R. Grace & Co.-Conn. v. Wood Env't.*, No. GLR-22-285, 2023 U.S. Dist. LEXIS 235932, at *9 (D. Md. Apr. 17, 2023). The Federal Circuit has recognized other possible considerations in this analysis, including "the convenience and availability of witnesses, or absence of jurisdiction over

all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *See Genentech*, 998 F.2d at 938. The burden to establish an exception to the first-filed rule is on the party seeking the exception. *See In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311 (Fed. Cir. 2020) (explaining that relevant precedent "plac[es] the burden on the party that is seeking to establish a compelling circumstances exception to the [first-filed] rule"). Honeywell cannot meet that burden here.

EPS filed this action in Honeywell's home district. As such, there are no issues of forum shopping or personal jurisdiction. Because Honeywell's principal place of business is here, this district is not inconvenient. None of the inventors are located in Texas. Most of the inventors of the patents are located in Pennsylvania, which is closer to North Carolina than Texas. The other inventors are located throughout the United States in Georgia, Minnesota, Wisconsin, California, New Mexico, New York, and Washington. Several potential witnesses are outside the United States, including a few inventors located in China, the United Kingdom, and Poland. Thus, the Eastern District of Texas would not be a more convenient forum than this Court.

Anticipatory filing is also not at issue here. Anticipatory filings occur when there is a "race to the courthouse" to file first "under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 (4th Cir. 2001); *Ramsey Grp.*, 208 F.R.D. at 565. For years, Honeywell persisted in its pattern of baseless accusations and demands for exorbitant license fees; yet, Honeywell did not file suit against EPS, thus leaving EPS in the unenviable position of operating its business under a cloud of uncertainty created by Honeywell's unending accusations. EPS brought this action consistent with the purpose of the Declaratory Judgment Act, which is to "provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Elecs. for*

*Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005). As the Fourth Circuit has explained, "there can be no race to the courthouse when only one party is running." *Learning Network*, 11 F. App'x at 301-02 (affirming injunction of later-filed action where the plaintiff of the later-filed action waited eight to ten weeks to file the action after being notified of the first-filed action). Honeywell waited years to take any action at all, and only filed in Texas almost two months **after** EPS filed this action. Clearly, EPS was the only party running—or more like slowly walking—to the courthouse.

Likewise, EPS did not file this action in bad faith. EPS filed this suit in response to Honeywell's persistent infringement allegations without any prosecution by Honeywell. EPS did not attempt to conceal its filing, and in fact notified Honeywell on the same day. (Ex. B at 1.) The Declaratory Judgment Act was created precisely for such circumstances. *See Elecs. for Imaging*, 394 F.3d at 1345 (explaining that "a declaratory action allows a party 'who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side'") (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993)).

Nor did EPS file its Amended Complaint in bad faith. When EPS first filed this action, it sought a declaratory judgment of noninfringement for "the ever-growing list of patents" asserted by Honeywell. (Dkt. 1, ¶ 36.) EPS meticulously walked through the correspondence from Honeywell that gave rise to the request for relief. (Dkt. 1, ¶¶ 20-33.) EPS then requested a judgment "declaring that it has not violated any purported rights of Defendants under federal, state, or common law and is not liable to Defendant for any claims, **including** any claim for patent infringement concerning the Asserted Patents" (Dkt. 1, ¶ 41 (emphasis added).) While not surprising that Honeywell was able to dig up more patents to assert, which is consistent with its

pattern of conduct over the last three years, EPS could not have "guessed" what patents those would be. After Honeywell filed the Texas Action, EPS amended its complaint to make clear that the additional patents specifically referenced in the later-filed action were part of the ever-growing list of patents for which EPS sought declaratory relief in this action. (Dkt. 7.)

### E. Honeywell Should be Enjoined from Pursuing the Texas Action

As the Supreme Court stated many years ago, "[i]f [an alleged infringer] is forehanded, subsequent suits against [it] by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit". *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*., 342 U.S. 180, 185 (1952); *see also Novartis Pharms. Corp. v. Mylan Inc*., No. 1:14CV111, 2015 U.S. Dist. LEXIS 185291, at *6 (N.D. W. Va. Apr. 27, 2015) ("When two courts have concurrent jurisdiction in substantially identical cases, the court hearing the second-filed action generally defers to the court hearing the first-filed action."). Indeed, courts in this circuit have enjoined later-filed actions to avoid conflicting decisions and promote judicial efficiency. *See, e.g.*, *Learning Network*, 11 F. App'x at 302 (affirming district court's injunction of later-filed action pursuant to first-filed rule); *Andritz Hydro*, 2014 U.S. Dist. LEXIS 28134, at *22 (granting plaintiff's motion to enjoin later-filed action).

The Texas Action is duplicative, retaliatory, and unnecessary. The parallel prosecution of actions involving the same patents, technologies, parties and facts would be a waste. *Ramsey Grp.*, 208 F.R.D. at 565. Thus, it is in the public interest to enjoin the Texas Action. Moreover, if the Court does not enjoin the Texas Action, EPS will be forced to litigate the same factual and legal issues in two separate courts, engage in duplicative discovery and motion practice, and may be subject to inconsistent adjudications. This would be unduly burdensome and cause financial harm to EPS. Granting this motion will not harm Honeywell, and indeed will help save Honeywell's

resources by allowing it to litigate in one court in its own backyard. Therefore, this Court should enjoin Honeywell's Texas Action pursuant to the first-filed rule.

## V. CONCLUSION

For the foregoing reasons, EPS respectfully requests that the Court enjoin Honeywell from pursuing the later-filed Texas Action.

Respectfully submitted,

Dated: October 10, 2025

s/ J. Mark Wilson
Kathryn G. Cole
N.C. Bar No. 39106
J. Mark Wilson
N.C. Bar No. 25763
Jacob Zambrzycki
N.C. Bar No. 56223
Rebecca Alba Rathmell
N.C. Bar No. 61881
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5981
Email: katecole@mvalaw.com
markwilson@mvalaw.com
jacobzambrzycki@mvalaw.com
rebeccarathmell@mvalaw.com

*Attorneys for Plaintiff*
*EPS – Ehrhardt + Partner Solutions Inc.*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION

The undersigned hereby certifies, subject to Rule 11 of the Federal Rules of Procedure, that the foregoing document contains fewer than 4,500 words, excluding the case caption, table of contents, table of authorities, and any certificates of counsel, in accordance with Paragraph 3(b)(iv) of the Court's Standing Order Governing Civil Case Management.

Dated: October 10, 2025

s/ J. Mark Wilson
J. Mark Wilson

## CERTIFICATE REGARDING ARTIFICIAL INTELLIGENCE

I hereby certify the following:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in the case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: October 10, 2025

s/ J. Mark Wilson
J. Mark Wilson

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS FROM PURSUING LATER-FILED TEXAS ACTION was served on counsel for Defendants via email and U.S. Mail as follows:

> Benjamin Pleune
> ALSTON & BIRD LLP
> Vantage South End
> 1120 South Tryon St., Suite 300
> Charlotte, NC 28203
> ben.pleune@alston.com

Dated: October 10, 2025                                          By: s/ J. Mark Wilson